UNITED STATES DISTRICT COURT
EASTERN DISRICT OF PENNSYLVANIA

| | |
|---|---|
| RON JOHNSON Plaintiff, vs. NCO FINANCIAL SYSTEMS, INC. Defendant. | Civil Action No. |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

RON JOHNSON, ("Plaintiff"), through the undersigned counsel, Daniel P. Hartstein, alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Ron Johnson, an individual consumer, against Defendant, NCO Financial Systems, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### PARTIES

3. Plaintiff, Ron Johnson, is a natural person with a permanent residence in Calera, Shelby County, Alabama 35040.

1

4. Upon information and belief the Defendant, NCO Financial Systems, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 507 Prudential Road, Horsham, Montgomery County, Pennsylvania, 19044. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, called Plaintiff work and left a message stating that it was NCO Financial, that they were a collection agency, and that the Plaintiff had better call back today.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, called the Plaintiff's place of employment after being informed by Plaintiff that his employer does not allow such calls.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to the Plaintiff, "We're officers."

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to the Plaintiff, "We're police officers. We're going to have the deputies come and arrest you today."

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to the Plaintiff, "We have an arrest warrant in your name right now and we're going to execute it unless you pay us."

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to the Plaintiff, "Once you're arrested we will pursue a lawsuit against you."

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to the Plaintiff, "We'll pursue a civil suit after you've been arrested up and to including garnishing your wages."

13. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to the Plaintiff, "We're going to arrest you at home in front of your family. Do you want to have that embarrassment in front of your family?"

## CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and identified his employer without being expressly requested to do so; and

   (b) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that Plaintiff owes an alleged debt; and

   (c) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

   (d) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication; and

   (e) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of

Plaintiff and without the contact being in a manner covered by *§1692b* of the FDCPA; and

(f) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(h) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(i) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(j) Defendant violated *§1692e(1)* of the FDCPA by giving the false representation or implication that the Defendant is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof; and

(k) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person when such action is unlawful and the Defendant or alleged creditor does not intend to take such action; and

(l) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(m) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(n) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Ron Johnson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff RON JOHNSON respectfully requests that judgment be entered against Defendant, NCO Financial Systems, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RON JOHNSON, demands trial by jury in this action.

This 9th day of June, 2011.

_____
Daniel P. Hartstein
LibertyView
457 Haddonfield Rd., Suite 310
Cherry Hill, NJ 08002
(856) 910-8900
danhartstein@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com